# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**ANTONIO FREEMAN,**

    **Plaintiff,**

**v.**                                               **CIVIL ACTION NO. 1:17-01950**

**JENNIFER SAAD, WARDEN,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to file late objections. (ECF No. 20). However, on November 9, 2018, a judgment order dismissing this matter with prejudice was entered. Therefore, the court has construed plaintiff's motion as one seeking relief under Federal Rule of Civil Procedure 59(e) or 60(b).[1]

As our appeals court has noted, "the Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Although the two rules appear similar, they are in fact quite distinct." Robinson v. Wix Filtration Corp, LLC, 599 F.3d 403, 411 (4th Cir. 2010). "A Rule 59(e) motion may only be

---

[1] A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) "must be filed no later than 28 days after the entry of the judgment." Plaintiff's filing is postmarked December 7, 2018, which would fall within the 28-day window.

granted in three situations: `(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly." Id.

Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances." Pressley Ridge Schools v. Lawton, 180 F.R.D. 306, 308 (S.D.W. Va. 1998). Dispositions of Rule 60(b) motions are reviewed for abuse of discretion. See id.

Plaintiff seeks to reopen the time for filing objections arguing that "during the period to object he was transferred

2

between prison[s] and lacked accessed [sic] to a library or material need[ed] to object." ECF No. 20 at p.1. However, when the Proposed Findings and Recommendation was filed, the BOP Inmate Locator indicated that plaintiff was incarcerated at FCI Gilmer where he remains incarcerated today. See ECF No. 20 at p.3.

Under these circumstances, the court cannot conclude that Rule 59(e) relief is necessary to prevent manifest injustice.[2] Nor can the court conclude that plaintiff has demonstrated the type of excusable neglect that would entitle him to relief under Federal Rule of Civil Procedure 60(b)(1). Finally, plaintiff has not shown that he is entitled to relief under Rule 60(b)(6).[3] For all these reasons, plaintiff's motion is **DENIED**.[4]

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 11th day of December, 2018.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge

---

[2] Plaintiff does not argue that there has been an intervening change of controlling law, that new evidence has become available, or that clear error has occurred.

[3] The other grounds for relief under Rule 60(b) clearly do not apply.

[4] If plaintiff wishes to appeal this Memorandum Opinion and Order, he will need to file a notice of appeal.

3